# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DJVAN A. CARTER EL,            )
                               )
            Petitioner,        )
                               )
      v.                       )    1:11CV313
                               )
ALVIN W. KELLER,               )
                               )
            Respondent.        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reason, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, Petitioner actually indicates that he has not exhausted his state court remedies as to the claim he raises in the Petition.[1] He states that he did not do so because he did not know of a "procedure that would allow [him] to exhaust [his] state remedies." (Docket Entry 2, § 12, Ground One (b).) This is somewhat puzzling given that he states earlier in the Petition that he filed a motion for appropriate relief in state court raising other issues. (*Id.*, § 9.) Clearly, Petitioner does know how to seek state court post-conviction relief using a motion for appropriate relief. It is unclear then why he has not previously raised his current claim in the state courts.

---

[1] Petitioner claims that the state criminal court did not have jurisdiction over him because he is a "native sovereign of Moorish descent." (Docket Entry 2, § 12, Ground One(a).) He should be aware that a person's descent does not affect criminal law jurisdiction. Criminal law applies to all persons equally regardless of their descent. Petitioner also cites to the Uniform Commercial Code. (*Id.*) That Code applies in civil contract and commercial cases, not criminal prosecutions or habeas matters.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition after he has exhausted his state court remedies.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
        **United States Magistrate Judge**

April 26, 2011